UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>F. GARCIA, et al.,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00579-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION AND REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NOS. 1 & 10) |

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 18, 2018, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 10).[1] Plaintiff also requested appointment of pro bono counsel in his complaint. (ECF No. 1, p. 19).

Plaintiff asks for appointment of counsel because he is indigent, because he is unlearned "in the complex civil pre-trial discovery prosecuting process," because his TABE reading score is

---

[1] While the Court will rule on this motion, it is not clear that Plaintiff filed this motion in the correct case. Plaintiff states in his motion that this case was originally filed in August of 2017 in the Northern District of California, and that it was transferred to the Eastern District of California on April 10, 2018. However, this case was commenced when Plaintiff filed a complaint in this district on April 30, 2018.

1

2.0 or below, because he has mental impairments (including paranoid delusions, audio hallucinations, and severe post-traumatic stress disorder), because he is computer illiterate, and because he is in imminent danger (Plaintiff alleges that on June 12, 2018, a custodial staff member allowed an inmate to attack Plaintiff for twenty or more seconds before intervening).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. Plaintiff's complaint is still awaiting screening and the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

Plaintiff's motion for counsel also claims he is in danger. If Plaintiff believes he is in danger and needs immediate action, then he needs a filed complaint against the person or persons what endanger him, and a motion for preliminary injunction.[2] If the person or persons are already

---

[2] A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see
(continued…)

2

defendants in this case, he can just file a motion for preliminary injunction in this case. If the person or persons endangering him are not defendants in this case, he should file a new complaint against them as well as a motion for preliminary injunction. Here are the standards for a motion for preliminary injunction:

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel and his request for counsel in his complaint are DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 19, 2018**    /s/ Eric P. Groh
UNITED STATES MAGISTRATE JUDGE

---

(…continued)
also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).