# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>F. GARCIA, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00579-LJO-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTIONS<br><br>(ECF NOS. 1, 16, 17, 18, & 19) |

       Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On November 28, 2018, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending that "[t]his case proceed on Plaintiff's claims against Defendant Garcia for conspiracy, retaliation in violation of the First Amendment, and excessive force and failure to protect in violation of the Eighth Amendment," and that "[a]ll other claims and defendants be dismissed." (ECF No. 17, p. 14).

       Plaintiff was provided an opportunity to file objections to the findings and recommendations. Plaintiff filed objections to Judge Grosjean's screening order and findings and recommendations (ECF Nos. 16 & 20), as well as a motion for extension of time to file an

amended complaint (ECF No. 18),[1] motions for appointment of counsel and a guardian ad lidem (ECF No. 16 p. 8; ECF No. 19), and an amended complaint (ECF No. 20, pgs. 6-104).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

As to Plaintiff's motion for extension of time, motions for appointment of counsel, and motion for appointment of a guardian ad lidem, they will all be denied.

Plaintiff's motions for appointment of counsel will be denied because, while Plaintiff alleges that he cannot adequately articulate his claims or prosecute this case, his current complaint (which was allegedly drafted with the assistance of another inmate) appears to adequately describe the claims Plaintiff is attempting to assert. Moreover, the Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings

Plaintiff's motion for appointment of a guardian ad litem will be denied without prejudice because appointment of a guardian ad lidem is not necessary to protect Plaintiff's interests in this action at this time. Under Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). If an "incompetent person is

---

[1] In Plaintiff's motion for extension of time, Plaintiff asks the Court to send him a copy of the motion (because he was unable to make a copy). (ECF No. 18, p. 4). This request will be denied. The Court does not generally provide free copies of documents to parties. Moreover, it does not appear that Plaintiff needs a copy of the motion in order to prosecute this case.

unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989).

Here, Plaintiff has not submitted substantial evidence of incompetence. At most, Plaintiff's evidence shows that he has a low TABE score, and that he is in the disability placement program. Additionally, Plaintiff appears to be able to adequately describe the claims he is attempting to assert, although Plaintiff allegedly received assistance. He has also filed objections to Judge Grosjean's findings and recommendations (which include case cites), and timely filed a motion for an extension of time.

Moreover, at this time, Plaintiff's interests are adequately protected. All claims and defendants being dismissed will be dismissed without prejudice. This protects Plaintiff's interests while also allowing the case to proceed.[2]

The Court notes that Plaintiff may renew his motion for appointment of a guardian ad litem at a later stage in the proceedings. At that time the Court may hold a hearing to determine if a guardian ad lidem should be appointed. Krain, 880 F.2d at 1121 ("The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed if needed.").

As to Plaintiff's motion for extension of time to file a first amended complaint, it will be denied, and the Court will not consider Plaintiff's First Amended Complaint (which Plaintiff filed without permission). To begin, Plaintiff did not file timely file his motion for extension of time. On September 7, 2018, the Court gave Plaintiff thirty days to file an amended complaint, if he so chose. (ECF No. 12). Even after being granted a thirty-day extension of time (ECF No. 15), Plaintiff's second request for an extension of time was still over a month late, and Plaintiff did not adequately explain why he did not timely file his second request for an extension of time. Moreover, the Court has reviewed Plaintiff's proposed first amended

---

[2] Note that Judge Grosjean will consider appointing counsel for the limited purpose of assisting Plaintiff at a settlement conference at the appropriate time.

complaint, and it appears to suffer from most of the same defects as the original complaint.

While the Court is denying Plaintiff's motion for extension of time, the Court notes that Plaintiff is not precluded from filing a motion for leave to file an amended complaint at a later time.

Accordingly, based on the foregoing, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on November 28, 2018, are ADOPTED in full;
2. This action proceed on Plaintiff's original complaint (ECF No. 1), on Plaintiff's claims against Defendant Garcia for conspiracy, retaliation in violation of the First Amendment, and excessive force and failure to protect in violation of the Eighth Amendment;
3. All other claims and defendants are DISMISSED, without prejudice;
4. Plaintiff's motions for appointment of counsel are DENIED, without prejudice;
5. Plaintiff's motion for appointment of a guardian ad lidem is DENIED, without prejudice;
6. Plaintiff's motion for an extension of time to file a first amended complaint is DENIED;
7. The Clerk of Court is DIRECTED to reflect the dismissal of all defendants, except defendant F. Garcia, on the Court's docket; and
8. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 10, 2019**        /s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE