UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>F. GARCIA,<br><br>        Defendant. | Case No. 1:18-cv-00579-LJO-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se*[1] and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Jennifer L. Thurston to conduct a settlement conference at the U. S. District Court, 510 19th Street, Bakersfield, California, 93301, on August 27, 2019, at 9:00 a.m. The Court will issue the necessary transportation order in due course.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Jennifer L. Thurston on August 27, 2019, at 9:00 a.m., at the U. S. District Court, 510 19th Street, Bakersfield, California, 93301.

2. A representative with full and unlimited authority to negotiate and enter into a binding

---

[1] Christian Pereira has been appointed as limited purpose counsel to assist Plaintiff with preparing for and participating in a settlement conference. (ECF No. 51).

1

settlement shall attend in person.[2]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in this case. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. At least 21 days before the settlement conference, Plaintiff SHALL submit to Defendant a written itemization of damages and a meaningful settlement demand, which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length. Thereafter, no later than 14 days before the settlement conference, Defendant SHALL respond, in writing, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate. If settlement is achieved, defense counsel is to immediately inform the courtroom deputy of Magistrate Judge Thurston.

5. If settlement is not achieved informally, each party shall provide a confidential settlement statement to the following email address: jltorders@caed.uscourts.gov. Settlement statements shall arrive no later than August 21, 2019. Parties shall also file a <u>Notice of Submission of Confidential Settlement Conference Statement</u> (see L.R. 270(d)). Settlement statements **should not be filed** with the Clerk of Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated

---

[2] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." <u>United States v. United States District Court for the Northern Mariana Islands</u>, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989), <u>cited with approval in Official Airline Guides, Inc. v. Goss</u>, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. <u>Pitman v. Brinker Int'l., Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), <u>amended on recon. in part</u>, <u>Pitman v. Brinker Int'l., Inc.</u>, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. <u>Pitman</u>, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 596-97 (8th Cir. 2001).

2

prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.
   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
   c. A summary of the proceedings to date.
   d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
   e. The relief sought.
   f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
   g. A brief statement of the party's expectations and goals for the settlement conference, including how much the party is willing to accept and/or willing to pay.
   h. If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, a brief description of each action or claim as set forth above, including case number(s) if applicable.

IT IS SO ORDERED.

Dated: **July 10, 2019**         /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE