# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>F. GARCIA,<br><br>        Defendant. | Case No. 1:18-cv-00579-LJO-EPG (PC)<br><br>ORDER RE: DOCUMENTS WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE |

      Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This case proceeds "on Plaintiff's original complaint (ECF No. 1), on Plaintiff's claims against Defendant Garcia for conspiracy, retaliation in violation of the First Amendment, and excessive force and failure to protect in violation of the Eighth Amendment." (ECF No. 21, at p. 4). Plaintiff's claims stem from allegations in his complaint that Defendant Garcia threatened Plaintiff's life and told other inmates to attack Plaintiff because Plaintiff wrote 602 grievances against him, that Defendant Garcia conspired with an inmate to have that inmate attack Plaintiff, and that Defendant Garcia watched that inmate attack Plaintiff without trying to prevent it.

      Based on information provided in Defendant Garcia's scheduling conference statement, and after discussion at a scheduling conference held on September 30, 2019, the Court ordered that "Defendant(s) have thirty days from the date of service of [the scheduling] order to submit to the Court for *in camera* review the two confidential memoranda that were prepared in

1

connection with Plaintiff's allegations in the complaint, the two confidential appeal inquiry findings that were prepared in connection with Plaintiff's allegations in the complaint, and other related documents." (ECF No. 75, at p. 2) (footnote omitted).

On October 31, 2019, Defendant Garcia complied with the Court's order and submitted the documents for *in camera* review. (ECF No. 81). Defendant Garcia included an explanation for his claim that the documents should be withheld under the official information privilege. (ECF Nos. 80 & 81). He also included a declaration from J. Barba and a privilege log. (Id.).

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

With these legal standards in mind, the Court has conducted an *in camera* review of the documents withheld under the official information privilege.

The Court holds that the following documents or portions of documents should be produced because the potential benefits of disclosure are greater than the potential disadvantages:

- Pages 010, 017-20, 022, 043-47

These documents include statements from Plaintiff and Defendant about the central issue in this lawsuit, i.e., whether Defendant Garcia solicited other inmates to retaliate against Plaintiff. It also includes Plaintiff's grievances and responses on this and related issues.

The Court holds that the remaining documents may be withheld under the official information privilege. The Court believes that these documents could pose safety and security concerns to Plaintiff as well as others at the prison. The Court is mindful that the complaint at issue in this case concerns the allegation that Plaintiff was attacked by other inmates based on Plaintiff's grievances implicating officers and inmates. The potential for retaliation based on disclosure of additional documents related to Plaintiff's grievances is high. In assessing the relevance of these documents, the Court notes that none of them contain a witness statement, other than by Plaintiff, supporting Plaintiff's assertion that Defendant Garcia solicited other inmates to retaliate against Plaintiff.

For the foregoing reasons, it is ordered that, within thirty days of the date of service of this order, Defendant Garcia shall produce to Plaintiff the documents at Pages 010, 017-20, 022, 043-47.

Defendant Garcia is permitted to withhold the remaining documents under the official information privilege.

IT IS SO ORDERED.

Dated: **November 15, 2019**    /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE