UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>F. GARCIA,<br><br>    Defendant. | Case No. 1:18-cv-00579-LJO-EPG (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER, WITHOUT PREJUDICE<br><br>(ECF NO. 87) |

    Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding "on Plaintiff's original complaint (ECF No. 1), on Plaintiff's claims against Defendant Garcia for conspiracy, retaliation in violation of the First Amendment, and excessive force and failure to protect in violation of the Eighth Amendment." (ECF No. 21, p. 4).

    On December 13, 2019, Defendant filed a motion to modify the scheduling order. (ECF No. 87). Defendant points out that there are pending findings and recommendations on Plaintiff's motion to amend and Defendant's motion to dismiss, and "respectfully requests that the scheduling order currently in effect be vacated pending the District Court's ruling on the Findings and Recommendations. Upon a final ruling by the District Court, Defendant requests

1

that this Court issue a new scheduling order with modified discovery and dispositive motion deadlines." (Id. at 1-2).

Defendant seeks the modification because, "[g]iven that the District Court has not issued a ruling yet, proceeding on the basis of the current discovery deadlines would result in a scenario where Defendant must consider either to seek discovery prematurely, or forego discovery that may become necessary in light of the District Court's ruling. This possibility is bolstered by the fact that any claims subject to the Motion to Dismiss and Motion to Amend subsequently may be subject to Plaintiff's objections and further litigation, which would not be resolved until the District Court issues a ruling. However, the District Court is unlikely to issue a ruling by the non-expert discovery cutoff date, and may not issue a ruling by the dispositive motion filing deadline, necessitating this motion to modify the scheduling order." (Id. at 2-3).

The Court does not find good cause to modify the schedule at this time. The findings and recommendations recommend dismissal of only one claim against defendant Garcia. Dismissal of this claim would not change the scope of discovery. It is true that Plaintiff is seeking leave to amend to add additional claims and defendants, and if Plaintiff's motion is granted the scope of discovery would change significantly. However, the Court has recommended denying Plaintiff's motion to amend. Thus, if the findings and recommendations are adopted in full, the scope of discovery will not change and there will be no need to modify the schedule.

However, if the findings and recommendations are not adopted in full and additional claims or defendants are added to the case, the Court will modify the schedule. As to Defendant's concern that the District Court may not issue a ruling by the dispositive motion filing deadline, the deadline is over three months away. If a ruling has not been issued twenty-one days prior to the deadline, Defendant may renew his motion.

\\\
\\\
\\\
\\\

2

Accordingly, based on the foregoing, IT IS ORDERED that Defendant's motion to modify the scheduling order is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **December 16, 2019**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE