UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>F. GARCIA,<br><br>        Defendant. | No. 1:18-cv-00579-NONE-EPG (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS<br><br>(Doc. Nos. 82, 86, 90) |

Jerry Dillingham ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 31, 2019, plaintiff filed objections to the magistrate judge's scheduling order. (Doc. No. 82.) On December 6, 2019, plaintiff filed objections to the magistrate judge's order denying his motion for a copy of the scheduling conference transcript. (Doc. No. 86). On December 16, 2019, plaintiff filed objections, in part, to the magistrate judge's order allowing defendant to produce identified documents but to withhold others, following the in camera review of those documents, based on the official information privilege. (Doc. Nos. 83, 90.)[1]

---

[1] In plaintiff's objections, he also requests appointment of pro bono counsel. However, plaintiff also filed a separate motion requesting, among other things, appointment of pro bono counsel. (Doc. No. 89.) The court will address plaintiff's motion for appointment of pro bono counsel (Doc. No. 89) in due course.

1

Plaintiff's "objections" to the magistrate judge's non-dispositive orders relating to scheduling and discovery matters, will be construed as a motion to reconsider those orders. Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); Local Rule 303. Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. *Id.*

The court has reviewed the magistrate judge's orders (Doc. Nos. 75, 79, 83), as well as the documents submitted for *in camera* review. These orders were not contrary to law or clearly erroneous. Accordingly, IT IS ORDERED that plaintiff's objections to the magistrate judge's orders (Doc. Nos. 82, 86, & 90) are OVERRULED and his request that those orders be reconsidered are denied.

IT IS SO ORDERED.

Dated:   **April 15, 2020**

_____
UNITED STATES DISTRICT JUDGE