UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>   Plaintiff,<br><br>  v.<br><br>F. GARCIA,<br><br>   Defendant. | No. 1:18-cv-00579-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 23, 35, 84 & 85) |

  Jerry Dillingham ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Before the court are plaintiff's motion for leave to file an amended complaint, defendant Garcia's motion to dismiss the complaint, and plaintiff's motion for an order directing defendant Garcia to file an answer.

  On December 5, 2019, the magistrate judge entered findings and recommendations, recommending that:

   1. Plaintiff's motion for leave to file an amended complaint (Doc. No. 23) be DENIED;

   2. Defendant Garcia's motion to dismiss (Doc. No. 35) be GRANTED IN PART and DENIED IN PART;

      3.  Plaintiff's claim against defendant Garcia for excessive force be DISMISSED without prejudice;

      4.  Defendant Garcia file his answer within fourteen (14) days after notice of the District Judge's ruling on the instant findings and recommendation and motion to dismiss; and

      5.  Plaintiff's motion for an order directing Defendant to file an answer (Doc. No. 84) be DENIED as moot.

(Doc. No. 85 at 13.)

The parties were provided an opportunity to file objections to the findings and recommendations. On March 25, 2020, plaintiff filed his objections. (Doc. No. 108.) On April 2, 2020, defendant Garcia filed a reply. (Doc. No. 109.)

Plaintiff first objects to the pending recommendation that his motion to amend be denied. His objection in this regard is unfounded because plaintiff was previously granted an extension of time to either amend his complaint, inform the court about which claims he wished to pursue, or notify the court that he wished to stand on his complaint. (Doc. No. 12, 15.) However, instead of filing an amended complaint or informing the court how he would like to proceed by the extended deadline, plaintiff merely filed additional objections. (Doc. Nos. 13, 15.) Therefore, plaintiff's renewed request for leave to file an amended complaint is untimely. Plaintiff argues exceptional circumstances warrant the granting of leave to amend because he is illiterate and "the inadequate unlicense[d] attorney volunteer who drafted [his second motion for leave to file an amended complaint] wouldn't draft[] the . . . amended complaint." (Doc. No. 108 at 6.) This objection is not persuasive since plaintiff demonstrated the ability to file objections by the extended deadline. (Doc. No. 16.)

Moreover, the granting of leave to amend would have been futile because plaintiff's proposed amended complaint contains many of the same defects as his original complaint. (*See, e.g.*, Doc. No. 24 at 7–10) (alleging inmates serve other inmates food does not state claim for cruel and unusual punishment). Further, plaintiff's new allegation that defendants conspired to deprive him of food is too conclusory to state a cognizable claim. (*See* Doc. No. 24 at 9–10 ("defendants Alvarado, Hyatt, Abbott . . . came to a[n] agreement meeting of the

minds to [and] did conspire to [and] did not provide distribution of dinner meal[]s to plaintiff. For about one hundred eight days they openly conspired at depriving plaintiff receipt of food meals.").)  Therefore, plaintiff's first objection lacks merit.

Plaintiff's second and fifth objections are unfounded because they address defendants and claims that were previously dismissed by this court.  (Doc. No. 17 at 14 (recommending dismissal of nine defendants except defendant Garcia; recommending dismissal of plaintiff's Eighth Amendment, supervisor liability, Racketeer Influenced and Corrupt Organizations Act, and Americans with Disabilities Act claims); Doc. No. 21 (adopting the findings and recommendations).)  Moreover, plaintiff's second and third objections are meritless because the proposed amended allegations are too conclusory to state a cognizable claim.  (*See, e.g.*, Doc. No. 24 at 14–15, 44–51 (filing grievance about inmates serving other inmates in an apparent attempt to establish supervisory defendants were aware of constitutional violations); Doc. No. 24 at 9–10 ("defendants Alvarado, Hyatt, Abbott . . . came to a[n] agreement meeting of the minds to [and] did conspire to [and] did not provide distribution of dinner meal[]s to plaintiff").)  Plaintiff's fourth objection as to his excessive force claim is unfounded because he fails to address the magistrate judge's findings that plaintiff has failed to allege that defendant Garcia personally applied any force against him.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on December 5, 2019 (Doc. No. 85), are ADOPTED in full;
2. Plaintiff's motion for leave to file an amended complaint (Doc. No. 23) is DENIED;
3. Defendant Garcia's motion to dismiss (Doc. No. 35) is GRANTED IN PART and DENIED IN PART;

/////

3

4. Plaintiff's claim against defendant Garcia for excessive use of force is DISMISSED without prejudice;

5. Defendant Garcia has fourteen days from the date of service of this order to file his answer; and

6. Plaintiff's motion for an order directing defendant Garcia to file an answer (Doc. No. 84) is DENIED as moot.

IT IS SO ORDERED.

Dated:   **May 15, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE