UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>F. GARCIA,<br><br>    Defendant. | Case No. 1:18-cv-00579-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR APPOINTMENT OF EXPERT WITNESS, FOR APPOINTMENT OF PRO BONO COUNSEL, FOR APPOINTMENT OF GUARDIAN AD LITEM, AND TO STAY THE CASE<br><br>(ECF NO. 89) |

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On December 16, 2019, Plaintiff filed a motion requesting appointment of an expert witness, pro bono counsel, and a guardian ad litem. (ECF No. 89). Plaintiff also appears to request that the case be stayed pending appointment. (See, e.g., id. at 3). On January 9, 2020, Defendant filed his opposition to Plaintiff's motion. (ECF No. 99). On February 24, 2020, Plaintiff filed a supplement to his motion. (ECF No. 105).

For the reasons that follow, the Court will deny Plaintiff's requests for appointment of an expert witness, pro bono counsel, and a guardian ad litem. As the Court is denying these requests, the Court will also deny Plaintiff's request that the case be stayed.

\\\

## I.     PLAINTIFF'S MOTION

In Plaintiff's motion, Plaintiff alleges that he is illiterate, that he cannot spell, that he has learning comprehension issues, that he has post-traumatic stress disorder, and that he is a qualified <u>Armstrong v. Davis</u> class member with qualified mental impairments.  Plaintiff also argues that his case has merit.  Accordingly, Plaintiff asks for appointment of pro bono counsel and a guardian ad litem to assist him with him this case.  Plaintiff also asks the Court to appoint an expert witness pursuant to Federal Rule of Evidence 706.

Attached to the motion are records indicating that Plaintiff requires "Effective Communication," that Plaintiff has a TABE score of 4.0 or lower, and that Plaintiff's Reading Chapter Grade Point Level is 2.0.  According to Defendant, the records at ECF No. 89, pages 18-22, indicate that Plaintiff is in a disability placement program.  (ECF No. 99, pgs. 5-6).

In Plaintiff's supplement, Plaintiff alleges that he is unable to find a "qualified adequate volunteer person" to draft a potential opposition to Defendants' motion for summary judgment and/or to draft a summary judgment motion in Plaintiff's favor.  Additionally, Plaintiff attached a record signed by Senior Librarian N. Karlow.  According to the record, the Department of Corrections and Rehabilitation is obligated to advise the Court that Plaintiff is claiming a disability and is requesting a reasonable accommodation under the Americans with Disabilities Act.

Defendant opposes Plaintiff's requests for appointment of counsel, a guardian ad litem, and an expert witness.  Defendants argue that Plaintiff has not demonstrated exceptional circumstances in this case, that Plaintiff's legal interests appear to be adequately protected, that Plaintiff has not submitted substantial evidence of incompetence, and that Plaintiff's request for appointment of expert witnesses is premature.  Thus, Defendant argues that Plaintiff's requests should be denied.

## II.     ANALYSIS

### a.     Appointment of Expert Witness

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence.  <u>See</u> <u>Walker v. American Home Shield Long Term Disability Plan</u>, 180

F.3d 1065, 1071 (9th Cir. 1999).  In relevant part, Rule 706(a) states that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed…."  Fed. R. Evid. 706(a).  While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706(c)(2); Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," Manriquez v. Huchins, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. 2013).

"Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion.  Several factors guide the court's decision.  First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding.  The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case.  Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." Johnson v. Cate, 2015 WL 5321784, at *2 (E.D. Cal. 2015) (citations omitted).

Plaintiff's request for appointment of an expert witness will be denied.  First, Plaintiff has failed to show that an expert is "necessary or significantly useful for the trier of fact to comprehend a material issue in [this] case." Johnson, 2015 WL 5321784, at *2.  Plaintiff has not explained how a neutral expert would assist the Court or the jury in comprehending a material issue in this case.

Second, Plaintiff appears to be requesting that the Court appoint an expert for him—not a neutral expert.  (See, e.g., ECF No. 89, p. 15 ("the Plaintiff request the Court initiate its remedial powers by initiating said provision ordering defendants to pay the cost for the indigent illiterate colored plaintiff to hire an expert to address or rebut any opinion(s) that defendants' expert(s) may proffer at trial") (citation and internal quotation marks omitted)).  Appointing an

expert witness to assist Plaintiff in the preparation of his case would be an improper use of Rule 706(a).  Faletogo, 2013 WL 524037, at *2 (S.D. Cal. 2013) (Rule 706(a) "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.").

Accordingly, Plaintiff's request for appointment of an expert witness will be denied.

b.   Appointment of Pro Bono Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

Plaintiff's request for appointment of pro bono counsel will be denied.  This case is not particularly complex.  It is proceeding against one defendant on Plaintiff's allegations that the defendant threatened Plaintiff's life and told other inmates to attack Plaintiff because Plaintiff wrote grievances against him, and then failed to intervene when Plaintiff was attacked.

Additionally, with the assistance Plaintiff has been receiving, it appears that Plaintiff is able to litigate this action.[1]  Plaintiff has made numerous filings in this case, including a motion to amend (ECF Nos. 23 & 24), an opposition to Defendant's motion to dismiss (ECF No. 42),

---

[1] Plaintiff does allege that, as of December 2019, he was unable to find assistance to oppose a motion for summary judgment.  However, a summary judgment motion has not yet been filed, and Plaintiff still has time to find assistance, if necessary.

4

1   objections to findings and recommendations (ECF Nos. 20 & 108), and objections to the

2   district judge of this Court's orders (ECF Nos. 82, 86, & 90).  Indeed, based on the Court's

3   experience, Plaintiff has litigated this case more heavily than most prisoners litigate their cases.

4   Thus, Plaintiff appears to be able to litigate this action.

5           As to Plaintiff's likelihood of success on the merits, the Court has reviewed the record

6   in this case, and at this time the Court is unable to make a determination that Plaintiff is likely

7   to succeed on the merits of his claim.

8           Accordingly, Plaintiff's request for appointment of pro bono counsel will be denied

9   without prejudice.  Plaintiff is advised that he is not precluded from renewing his motion for

10  appointment of pro bono counsel at a later stage of the proceedings.

11                   c.   Appointment of Guardian Ad Litem

12          Under Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian ad

13  litem—or issue another appropriate order—to protect a minor or incompetent person who is

14  unrepresented in an action."  "Although the court has broad discretion and need not appoint a

15  guardian ad litem if it determines the person is or can be otherwise adequately protected, it is

16  under a legal obligation to consider whether the person is adequately protected."  United States

17  v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796,

18  805 (9th Cir. 1986).  "Ordinarily, 'when a substantial question exists regarding the mental

19  competence of a party proceeding pro se, the proper procedure is for the district court to

20  conduct a hearing to determine competence, so a guardian ad litem can be appointed, if

21  necessary.'"  Harris v. Mangum, 863 F.3d 1133, 1138 (9th Cir. 2017) (quoting Allen v.

22  Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005)).

23          If an "incompetent person is unrepresented, the court should not enter a judgment which

24  operates as a judgment on the merits without complying with Rule 17(c)."  Krain v.

25  Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989).

26          As then Chief Judge Lawrence J. O'Neill found in ruling on Plaintiff's prior motion for

27  appointment of a guardian ad litem, "Plaintiff has not submitted substantial evidence of

28  incompetence.  At most, Plaintiff's evidence shows that he has a low TABE score, and that he

1   is in the disability placement program." (ECF No. 21, p. 3). As Defendant points out,

2   Plaintiff's current motion is largely identical to his previous motion, and includes similar

3   evidence. Thus, Plaintiff has once again failed to submit substantial evidence of incompetence.

4          Additionally, Plaintiff's interest in this case appears to be adequately protected. As

5   described above, Plaintiff has been heavily litigating this case. Moreover, the Court has issued

6   orders to protect Plaintiff's interest in this case, including directing Defendant to "send Plaintiff

7   the leading cases or statutes setting forth the central law relied upon in all motions filed by

8   Defendant" (ECF No. 38, p. 3)[2] and limiting written discovery (ECF No. 75, pgs. 1-2).

9          Accordingly, Plaintiff's request for appointment of a guardian ad litem will be denied.

**III.   ORDER**

          For the foregoing reasons, IT IS ORDERED that:

          1.  Plaintiff's request for appointment of an expert witness is DENIED.

          2.  Plaintiff's request for appointment of pro bono counsel is DENIED without

              prejudice.

          3.  Plaintiff's quest for appointment of a guardian ad litem is DENIED.

          4.  Plaintiff's request to stay this case is DENIED.

IT IS SO ORDERED.

Dated:   __**May 27, 2020**__          ____/s/_Erica_ _P._ _Grosjean_____

                                           UNITED STATES MAGISTRATE JUDGE

---

[2] "[L]imited to no more than three statutes and/or cases per motion." (ECF No. 38, p. 3).