UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F. GARCIA,<br><br>　　　　Defendant. | No. 1:18-cv-00579-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND DIRECTING THE CLERK OF COURT TO SERVE COPIES OF THIS ORDER ON LISTED INDIVIDUALS/ENTITIES<br><br>(Doc. No. 116) |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's claims against defendant Garcia for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment. (Doc. Nos. 1, 17, 21, 111.)

On June 29, 2020, plaintiff filed what the court construes as a motion for a temporary restraining order. (Doc. No. 116.)[1] For the reasons described below, plaintiff's motion will be denied.

---

[1] In plaintiff's motion, plaintiff mentions that he attempted to file a motion for extension of time "and attachment notice motion accepting leave to file a 1s [sic] Amendment [sic] Complaint," but is unsure whether the court received the motion because plaintiff did not receive a copy of the motion from the Clerk's Office after he mailed it. (Doc No. 116 at 3.) The court has not received the motion referred to by plaintiff, and at this time is not extending any previously set deadlines.

1

**PLAINTIFF'S MOTION**

In his motion plaintiff indicates as follows. On June 21, 2020, plaintiff was headed to the medication pill line. (Doc. No. 116 at 1.) While plaintiff was in front of building D5, plaintiff was stabbed in the right side of his neck with a two-inch knife. (*Id.*) The assailant, inmate Wilson, then hit plaintiff across plaintiff's neck with a metal cane, rendering plaintiff unconscious. (*Id.*) Plaintiff believes that this attack was conducted in retaliation because plaintiff is prosecuting two civil rights actions. (*Id.* at 1–2.)

Plaintiff alleges the State has turned a blind eye to the assault. (*Id.* at 2.) On June 24, 2020, plaintiff returned from a medical visit in his new wheelchair, which he needs due to incurring vertigo. (*Id.*) Upon his return, plaintiff saw his assailant, inmate Wilson. (*Id.*) Since plaintiff has not signed a "compatibility/no enemy chrono" regarding inmate Wilson, plaintiff and his "wheelchair pusher" were shocked to see inmate Wilson coming out of building D5 for medication line. (*Id.*)

Plaintiff is now unable to leave his housing unit to get his pain medication because he is afraid of being assaulted by inmate Wilson or some other inmate. (*Id.* at 3.) Plaintiff alleges that inmate "Wilson was rewarded by D-facility [second/third] watch Mexican/white administrators [] by being allowed to remain on the facility D building D5 housing unit." (*Id.* at 2.)

Plaintiff also alleges that the State, as well as Kern Valley State Prison administration officials and their subordinates, are orchestrating the reprisals against him. (*Id.*) Plaintiff contends that it is the "Mexican/white administration(s) shocking practice, designed to [send] a radical extremist message to [plaintiff's] class [*pro se* litigators]" and those who contemplate "filing grievances or civil rights complaints against Mexican, white, [or] black prison guards." (*Id.*)

Based on these allegations, plaintiff asks the court to: 1) order the State to transfer plaintiff to Atascadero Mental Health State Hospital; 2) order the State and Secretary of the California Department of Corrections and Rehabilitation Ralph Diaz to ensure that certain relevant legal materials be transported with plaintiff; 3) order the State, the California Department of Corrections and Rehabilitation (CDCR), and CDCR correctional officers to refrain from

attacking, harassing, or retaliating against plaintiff, and to refrain from soliciting other inmates to attack plaintiff; and 4) order the State and the CDCR to immediately and permanently affix a "S" suffix classification to plaintiff, single-celling him. (*Id.* at 4.)

## LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (noting injunctive relief must be narrowly tailored to give only the relief to which plaintiffs are entitled). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." 18 U.S.C. § 3626(a)(1)(A).

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___U.S.___, 135 S. Ct. 2726, 2736–37 (2015) (quoting *Winter*

*v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original).

**ANALYSIS**

Plaintiff's motion will be denied, without prejudice, to plaintiff filing a separate civil rights action based on his allegations made in support of the pending motion and to plaintiff seeking injunctive relief in that new case.

Plaintiff's motion appears to be unrelated to this case. In this action plaintiff is proceeding on his claims against defendant Garcia for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment. (*See, e.g.*, Doc. Nos. 85, 111, 113.) However, there are no allegations in the complaint filed in this action suggesting that defendant Garcia had any involvement in the June 21, 2020 assault on plaintiff. (*See generally* Doc. No. 116.) Additionally, the injunctive relief that plaintiff seeks is not directed at defendant Garcia. (*See generally id.*) "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Queen's Med. Ctr.*, 810 F.3d at 633.

While plaintiff alleges that he was attacked in retaliation for prosecuting civil rights actions, plaintiff has not submitted any evidence suggesting directly or indirectly that any correctional official had inmate Wilson attack plaintiff in retaliation for plaintiff's civil rights actions. (*See generally* Doc. No. 116.) Accordingly, plaintiff's motion for a temporary restraining order will be denied.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order (Doc. No. 116) is DENIED, without prejudice to plaintiff filing a separate case based on his allegations in the motion and seeking injunctive relief in that case.

Noting the violent nature of the allegations set forth in plaintiff's motion, and out of an abundance of caution, the court will direct the Clerk of Court to serve this order upon: (1) the

parties; (2) counsel for defendant Garcia; (3) Kern Valley State Prison Warden Christian Pfeiffer; and (4) California Department of Justice Senior Assistant Attorney General Monica Anderson.

IT IS SO ORDERED.

Dated: **July 1, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE