1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JERRY DILLINGHAM,                          Case No. 1:18-cv-00579-NONE-EPG (PC)

12              Plaintiff,                       FINDINGS AND RECOMMENDATIONS,
                                                 RECOMMENDING THAT PLAINTIFF'S
13        v.                                     EMERGENCY MOTION FOR
                                                 ADMINISTRATIVE RELIEF BE DENIED
14   F. GARCIA,
                                                 (ECF NO. 122)
15              Defendant.
                                                 OBJECTIONS, IF ANY, DUE WITHIN
16                                               FOURTEEN DAYS

17

18        Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

19   in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 17, 2020, Plaintiff filed

20   an "emergency motion for administrative relief."  (ECF No. 122).  For the reasons that follow, the

21   Court will recommend that Plaintiff's motion be denied and that all future requests for injunctive

22   relief that Plaintiff files be summarily denied if they are clearly unrelated to this case.

23        **I.    BACKGROUND AND PLAINTIFF'S MOTION**

24        On June 29, 2020, Plaintiff filed a motion for a temporary restraining order.  (ECF No.

25   116).  Among other things, Plaintiff alleged that he was attacked by an inmate in front of the

26   Building D5 housing unit.  Three days later, after Plaintiff returned from "Medical," Plaintiff saw

27   that his attacker remained in the Building D5 housing unit.

28        District Judge Dale A. Drozd denied Plaintiff's motion because it was unrelated to this

1

1  case, without prejudice to Plaintiff filing a separate action based on the allegations in the motion

2  and seeking injunctive relief in the new case.  (ECF No. 117, p. 4).

3  On August 17, 2020, Plaintiff filed an "emergency motion for administrative relief."

4  (ECF No. 122).  Plaintiff alleges that on August 5, 2020, the inmate assisting Plaintiff finished

5  drafting the complaint based on the allegations in his motion for a temporary restraining order.

6  However, Plaintiff has not been able to make copies.  He tried to make copies on August 10,

7  2020, but was not allowed to.  Plaintiff asks for an injunction directing prison officials to allow

8  Plaintiff to make copies of the complaint and motion for a temporary restraining order that he

9  intends to file, and to e-file a copy of the complaint.  Plaintiff also asks the Court to prevent law

10  library staff from forwarding the copies through the institutional mail service.

11  Finally, Plaintiff asks the Court to forward Plaintiff a copy of the docket sheets for all

12  three of his cases.

13  **II.    LEGAL STANDARDS**

14  A federal district court may issue emergency injunctive relief only if it has personal

15  jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros.,

16  Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party

17  officially, and is required to take action in that capacity, only upon service of summons or other

18  authority-asserting measure stating the time within which the party served must appear to

19  defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g.,

20  Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d

21  719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive

22  relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under

23  Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action,"

24  their "officers, agents, servants, employees, and attorneys," and "other persons who are in active

25  concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive

26  relief based on claims not pled in the complaint, the court does not have the authority to issue an

27  injunction."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir.

28  2015).

1    Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

2    Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is

3    narrowly drawn, extends no further than necessary to correct the violation of the Federal Right,

4    and is the least intrusive means necessary to correct the violation of the Federal Right."

5        On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is

6    likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

7    preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

8    public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural

9    Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "Under *Winter*, plaintiffs must establish that

10   irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance

11   for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

12   **III.    ANALYSIS**

13       "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the

14   court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC, 810

15   F.3d 631, 633 (9th Cir. 2015).   As with Plaintiff's prior request for injunctive relief, this request

16   has no relationship to this case.  As Plaintiff is seeking injunctive relief based on claims not pled

17   in the complaint, the Court will recommend that Plaintiff's request be denied.

18       Given that this request for injunctive relief is clearly unrelated to this case and that less

19   than two months ago Judge Drozd informed Plaintiff he could not seek injunctive relief in this

20   case that is unrelated to the claim proceeding in this case (ECF No. 177, p. 4), the Court will also

21   recommend that all future requests for injunctive relief that Plaintiff files be summarily denied if

22   they are clearly unrelated to this case.

23       The Court notes that even if this request were related to the claims in this case and even if

24   the Court had jurisdiction over the relevant prison officials, it does not appear that Plaintiff would

25   be entitled to injunctive relief at this time.  First, Plaintiff only appears to be complaining about

26   not being able to make copies.  Plaintiff does not allege that he is unable to file documents with

27   the Court, and was able to file this and other motions.[1]  As to Plaintiff's request for copies,

28   _____

[1] Plaintiff does allege that he is afraid that mail he sends to the Court will be destroyed, but Plaintiff

1   Plaintiff finished drafting his complaint on August 5, 2020, and signed this motion on August 11,

2   2020.  In the motion Plaintiff only describes one attempt at making copies.  Thus, it appears that

3   Plaintiff only attempted to make copies once before asking the Court to intervene.  There is no

4   indication that Plaintiff attempted to utilize the remedies available at the institution prior to filing

5   this motion.

6          Finally, in Plaintiff's emergency motion for administrative relief Plaintiff also asks the

7   Court to forward Plaintiff a copy of the docket sheets for all three of his cases.  The Court will

8   recommend that this request be denied because Plaintiff does not explain why he needs a copy of

9   these docket sheets, and it is not clear that Plaintiff's request has any relationship to this case.

10         **IV.    RECOMMENDATION**

11         Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

12             1.  Plaintiff's emergency motion for administrative relief be DENIED; and

13             2.  All future requests for injunctive relief that Plaintiff files be summarily denied if

14                 they are clearly unrelated to this case.

15         These findings and recommendations are submitted to the United States district judge

16   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

17   (14) days after being served with these findings and recommendations, Plaintiff may file written

18   objections with the court.  Such a document should be captioned "Objections to Magistrate

19   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

20   the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d

21   834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

    IT IS SO ORDERED.
23

24      Dated:   **August 18, 2020**                    /s/ Erica P. Grosjean

25                                        UNITED STATES MAGISTRATE JUDGE

26

27
    _____
    presented no evidence that his outgoing mail addressed to the Court is being destroyed.  The Court notes that it
28  received the present motion, and less than three weeks ago received Plaintiff's motion for an extension of time.