UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. GARCIA,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00579-NONE-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding with limited purpose counsel for settlement in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has determined that this case will benefit from another settlement conference. Therefore, this case will be referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference on January 26, 2021, at 9:00 a.m. The settlement conference will be conducted by remote means, to be determined at a later date and time. The Court will issue the necessary transportation order in due course.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on January 26, 2021, at 9:00 a.m. The settlement conference will be conducted by remote means, to be determined at a later date and time.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on Defendant's behalf shall attend the conference.[1]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in this case. The failure of any counsel, party, or authorized person subject to this order to appear may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties are directed to exchange non-confidential settlement statements seven days prior to the settlement conference. These statements shall simultaneously be delivered to the Court using the following email address: kjnorders@caed.uscourts.gov. If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

5. The Clerk of Court is directed to serve a copy of this order on the Litigation Office at Kern Valley State Prison, via facsimile at (661) 720-4949 or via email.

IT IS SO ORDERED.

Dated:   **October 15, 2020**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).