UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>F. GARCIA,<br><br>　　　　　　　　　　Defendant. | Case No. 1:18-cv-00579-NONE-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR FAILING TO APPEAR AT THE SECOND SETTLEMENT CONFERENCE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE OR RESET THE SETTLEMENT CONFERENCE<br><br>(ECF No. 139) |

　　　　Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　A first settlement conference was held in this case on August 27, 2019. (ECF No. 68). The Court appointed pro bono counsel to assist Plaintiff with preparing for and participating in that settlement conference. (ECF No. 51). The case did not settle at that time.

　　　　On September 28, 2020, the Court issued an order requiring the parties to participate in a second settlement conference. (ECF No. 130). The Court appointed pro bono counsel for Plaintiff to assist him in preparing for and participating in the second settlement conference. (Id.).

　　　　The Court issued the order setting the settlement conference on October 15, 2020. (ECF

1

No. 131). In the order, the Court warned the participants that "[t]he failure of any counsel, party, or authorized person subject to this order to appear may result in the imposition of sanctions." (Id. at 2).

On January 26, 2021, the Court, Magistrate Judge Kendall Newman, attempted to conduct the settlement conference. (ECF No. 137). Pro bono counsel for Plaintiff, Greg Mullinax, was present. Counsel for Defendant was present. (Id.). However, Plaintiff refused to appear for the conference. Thus, after attempting to have Plaintiff attend the conference, and at significant inconvenience to the court and counsel, Judge Newman cancelled the conference.

It is not clear to the Court why Plaintiff failed to attend the ordered conference. Correctional officers on the date of the conference stated that Plaintiff declined to come to the settlement conference due to pain. (Id.). However, after the conference, the Court received a motion from Plaintiff (through his non-attorney advisor) to vacate or reset the settlement conference. (ECF No. 139).[1] In the motion, Plaintiff alleges that he was attacked on June 12, 2018. Plaintiff further alleges that there is a plot to murder him or to allow him to be killed. Plaintiff appears to allege that this plot has been ongoing since about July 23, 2020. Due to this plot, Plaintiff did not want to leave his cell to attend the settlement conference. Plaintiff alleges that if he did leave his cell, he would have been subjected to a substantial and imminent threat.

The Court notes that the reason given in the motion for not wanting to attend the conference is not the same as the reason given to the settlement conference judge. Plaintiff's motion claims he fears being murdered while attending a settlement conference based on an attack more than two years ago. However, Plaintiff did not object to attending the first settlement conference in August 2019. There is also no reason given for waiting until six days before the conference to mail his motion.

Plaintiff's refusal to attend the conference is in violation of the court order in this case. It was a great inconvenience to Magistrate Judge Kendall Newman, who is not presiding on this case and agreed to serve as a settlement conference judge solely to assist the parties.

---

[1] The motion was received on January 27, 2021. It is dated January 20, 2021.

Additionally, it is a great inconvenience to counsel Greg Mullinax, who agreed to take this representation pro bono. Not to mention the inconvenience to defense counsel.

Accordingly, IT IS ORDERED that, within twenty-one days from the date of service of this order, Plaintiff shall file a written response to this order explaining why he should not be sanctioned, up to and including dismissal of this case, for failing to appear at the second settlement conference. If Plaintiff claims that he had a medical reason for not attending the conference, he should attach any medical records relating to that medical reason.

As to Plaintiff's motion, as the date of the settlement conference has already passed, there is nothing to vacate. Additionally, given that Plaintiff failed to appear at the settlement conference and appears to have provided conflicting reasons as to why, the Court will not reset the scheduling conference at this time. Accordingly, IT IS FURTHER ORDERED that Plaintiff's motion to vacate or reset the settlement conference is DENIED at this time.

If Plaintiff fails to respond to this order, this action may be dismissed for failure to prosecute and failure to comply with Court orders.

IT IS SO ORDERED.

Dated:   **January 27, 2021**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE