UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>F. GARCIA,<br><br>    Defendant. | Case No. 1:18-cv-00579-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF BE DENIED<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>(ECF NO. 142)<br><br>ORDER GRANTING PLAINTIFF THIRTY-DAY EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF ORDER TO SHOW CAUSE (ECF NO. 141) |

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 27, 2021, the Court issued an order to show cause, directing Plaintiff to "file a written response to this order explaining why he should not be sanctioned, up to and including dismissal of this case, for failing to appear at the second settlement conference." (ECF No. 141, p. 3).

On February 19, 2021, Plaintiff filed an emergency motion for administrative relief. (ECF No. 142). In the motion Plaintiff alleges that he received a copy of the order to show cause, but

cannot respond because he no longer has a copy of it.  Given this representation, the Court will direct the Clerk of Court to send Plaintiff another copy of the order to show cause and grant Plaintiff an additional thirty days to respond.  If Plaintiff again fails to respond, the Court will recommend sanctions, which may include dismissal of this case.

As to Plaintiff's request for injunctive relief, as the request is not related to the claim proceeding in this case, and as Plaintiff submitted no evidence that he is being retaliated against because he is prosecuting this case, the Court will recommend that it be denied.

**I.   LEGAL STANDARDS**

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The Court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

Furthermore, "[a] plaintiff seeking a preliminary injunction must establish that he is likely

2

1  to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
2  relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."
3  Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council,
4  Inc., 555 U.S. 7, 20 (2008)).  "Under *Winter*, plaintiffs must establish that irreparable harm is
5  likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild
6  Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

7  **II.     ANALYSIS**

8        Given Plaintiff's repeated requests for emergency relief based on allegations unrelated to
9  the claims in this case, Plaintiff was previously warned that "[a]ll future requests for injunctive
10 relief that plaintiff files in this matter will be summarily denied if they are clearly unrelated to this
11 case." (ECF No. 129, p. 2).  Despite this warning Plaintiff filed the present request for injunctive
12 relief.  The request does not appear to be directed at the defendant in this case, it appears to have
13 no relation to the claim proceeding in this case, and most of the allegations of retaliation in the
14 request are based on other cases Plaintiff filed.  Moreover, Plaintiff submitted no evidence that he
15 is being retaliated against because he is prosecuting this action.  Accordingly, the Court will
16 recommend that Plaintiff's request be denied.

17 **III.    RECOMMENDATIONS AND ORDER**

18       Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that
19 Plaintiff's emergency motion for administrative relief (ECF No. 142) be DENIED.

20       These findings and recommendations are submitted to the United States district judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen
22 (14) days after being served with these findings and recommendations, any party may file written
23 objections with the court.  Such a document should be captioned "Objections to Magistrate
24 Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed
25 within seven (7) days after service of the objections.  The parties are advised that failure to file
26 objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.
27 Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394
28 (9th Cir. 1991)).

Additionally, IT IS ORDERED that:

1. Plaintiff has thirty days from the date of service of this order to respond to the order to show cause dated January 27, 2021 (ECF No. 141); and
2. The Clerk of Court is directed to send Plaintiff a copy of the order to show cause dated January 27, 2021 (ECF No. 141); and
3. Failure to respond to the order to show cause may result in sanctions including dismissal of this case.

IT IS SO ORDERED.

Dated: **February 23, 2021**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE