UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. GARCIA,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00579-NONE-EPG (PC)<br><br>ORDER RESETTING SETTLEMENT CONFERENCE, REAPPOINTING M. GREG MULLANAX AS LIMITED PURPOSE COUNSEL<br><br>(ECF No. 141) |

　　　　Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　A first settlement conference was held in this case on August 27, 2019. (ECF No. 68). The Court appointed pro bono counsel to assist Plaintiff with preparing for and participating in that settlement conference. (ECF No. 51). The case did not settle at that time.

　　　　On September 28, 2020, the Court issued an order requiring the parties to participate in a second settlement conference. (ECF No. 130). The Court appointed pro bono counsel for Plaintiff to assist him in preparing for and participating in the second settlement conference. (Id.).

　　　　The Court issued the order setting the settlement conference on October 15, 2020. (ECF

1

No. 131). In the order, the Court warned the participants that "[t]he failure of any counsel, party, or authorized person subject to this order to appear may result in the imposition of sanctions." (Id. at 2).

On January 26, 2021, the Court, Magistrate Judge Kendall Newman, attempted to conduct the settlement conference. (ECF No. 137). Pro bono counsel for Plaintiff, M. Greg Mullanax, was present. Counsel for Defendant was present. (Id.). However, Plaintiff did not appear for the conference. Thus, after attempting to have Plaintiff attend the conference, and at significant inconvenience to the Court and counsel, Judge Newman cancelled the conference.

Given Plaintiff's failure to attend the conference, the Court issued an order to show cause, directing Plaintiff to "file a written response to this order explaining why he should not be sanctioned, up to and including dismissal of this case, for failing to appear at the second settlement conference." (ECF No. 141, p. 3).

On February 25, 2021, Plaintiff filed his response. (ECF No. 144). Plaintiff appears to allege that he did not refuse to attend the conference. (Id. at 3). However, Plaintiff also appears to allege that safety concerns "prevented" him from attending the conference. (Id. at 11). Plaintiff also appears to allege that he was unable to attend the conference due to a medical condition. (Id. at 14).

According to a response filed by the Warden of Kern Valley State Prison, Plaintiff refused to attend the conference because he was in pain. (ECF No. 146, p. 9).

Plaintiff's response to the order to show cause is internally inconsistent. First Plaintiff appears to allege that he did not refuse to attend the conference. Then he appears to allege that he did not attend because of safety concerns, and then he appears to allege that he was unable to attend due to a medical condition.

Given these seemingly contradictory assertions, the Court finds that Plaintiff failed to show cause as to why he should not be sanctioned for failing to appear at the second settlement conference. Nevertheless, the Court will not sanction Plaintiff at this time. Instead, the Court warns Plaintiff that if he fails to follow another Court order, including this order requiring him to

participate in a settlement conference, this action may be dismissed.

The Court will also reset the settlement conference and reappoint M. Greg Mullanax for the limited purpose of assisting Plaintiff with preparing for and participating in the settlement conference. The settlement conference will be conducted by remote means, to be determined at a later date and time. The Court will issue the necessary transportation order in due course.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on June 15, 2021, at 9:00 a.m. The settlement conference will be conducted by remote means, to be determined at a later date and time.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on Defendant's behalf shall attend the conference.[1]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in this case. The failure of any counsel, party, or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and may be reset to another date.

4. The parties are directed to exchange non-confidential settlement statements seven days prior to the settlement conference. These statements shall simultaneously be delivered to the Court using the following email address: kjnorders@caed.uscourts.gov. If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences...." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

5. M. Greg Mullanax is reappointed as limited purpose counsel for Plaintiff in the above entitled matter. This appointment is for the limited purpose of assisting plaintiff with preparing for and participating in the settlement conference.

6. M. Greg Mullanax's appointment will terminate at the conclusion of the settlement conference, or any continuation of the settlement conference.

7. Appointed counsel shall notify Sujean Park via email at spark@caed.uscourts.gov if he has any questions related to the appointment.

8. The Clerk of Court is directed to serve an electronic copy of this order upon M. Greg Mullanax.

9. The Clerk of Court is also directed to serve a copy of this order via email on the Litigation Office at Kern Valley State Prison and the Litigation Office at Richard J. Donovan Correctional Facility.

10. If Plaintiff fails to follow another Court order, this action may be dismissed.

IT IS SO ORDERED.

Dated: **March 25, 2021**        /s/ Erica P. Grosjean
              UNITED STATES MAGISTRATE JUDGE