UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>          Plaintiff,<br><br>     v.<br><br>F. GARCIA,<br><br>          Defendant. | Case No. 1:18-cv-00579-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF AN EXPERT WITNESS<br><br>(ECF NO. 155) |

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On December 16, 2019, Plaintiff filed a motion for, among other things, appointment of an expert witness. (ECF No. 89). This motion was denied. (ECF No. 112).

On August 2, 2021, Plaintiff filed a second motion requesting appointment of an expert witness. (ECF No. 155). This motion is now before the Court. For the reasons that follow, the Court will deny Plaintiff's second motion for appointment of an expert witness.

**I.     LEGAL STANDARDS**

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. See Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's

1

motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed…." Fed. R. Evid. 706(a).  While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706(c)(2); Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," Manriquez v. Huchins, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. 2013).

"Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion.  Several factors guide the court's decision.  First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding.  The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." Johnson v. Cate, 2015 WL 5321784, at *2 (E.D. Cal. 2015) (citations omitted).

**II.   ANALYSIS**

Plaintiff's second motion for appointment of an expert witness will be denied.  In Plaintiff's motion, Plaintiff's describes some of the history of this case and lists legal standards. However, Plaintiff does not explain how a neutral expert would promote accurate fact finding. The only possible explanation Plaintiff provides[1] is that the expert "will be useful for a trier of fact jury to promote accurate fact finding of elements policy defendant F. Garcia admits he relied upon that caused Plaintiff injury."[2]  (ECF No. 155, p. 5).

However, Plaintiff does not explain what policy is at issue or why expert testimony

---

[1] As mentioned below, Plaintiff also appears to ask for appointment of an expert in order to rebut defendant Garcia's expert.  However, Plaintiff provides no information regarding defendant Garcia's expert.
[2] Errors in original.

regarding the policy would be helpful, and it is not clear from the record. This case is proceeding based on allegations that defendant Garcia threatened Plaintiff's life, told other inmates to attack Plaintiff because Plaintiff wrote grievances against him, and watched an inmate attack Plaintiff without trying to prevent it. And, defendant Garcia's argument does not appear to be that prison policy allowed him to threaten Plaintiff's life, tell other inmates to attack Plaintiff, and to stand by while Plaintiff was attacked. Instead, defendant Garcia appears to argue that Plaintiff's allegations are false. (See ECF No. 113). Thus, Plaintiff has not shown that a neutral expert would promote accurate fact finding.

Moreover, as with Plaintiff's first motion, Plaintiff appears to be requesting that the Court appoint an expert for him—not a neutral expert. That is, Plaintiff appears to request that the Court appoint an expert for the purpose of rebutting defendant Garcia's expert. (ECF No. 155, p. 4 ("Expert witness fact finding report opinion rebuttal of defendants opinions expert for Plaintiff class would aid the trier of fact….")).[3] Appointing an expert witness to assist Plaintiff in the preparation of his case would be an improper use of Rule 706(a). Faletogo, 2013 WL 524037, at *2 (S.D. Cal. 2013) (Rule 706(a) "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.").

Accordingly, Plaintiff's second motion for appointment of an expert witness will be denied.

### III.     ORDER

For the foregoing reasons, IT IS ORDERED that Plaintiff's second motion for appointment of an expert witness (ECF No. 155) is DENIED.
IT IS SO ORDERED.

Dated: __August 4, 2021__                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

---

[3] Errors in original.

3