UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>F. GARCIA,<br><br>    Defendant. | No. 1:18-cv-00579-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION TO APPOINT A GUARDIAN *AD LITEM*<br><br>(Doc. No. 174) |

This matter is before the court on the motion to appoint counsel and motion to appoint a guardian *ad litem* filed by plaintiff Jerry Dillingham on February 28, 2022. (Doc. No. 174.) Therein, plaintiff argues that the court should appoint counsel to provide him with representation in this civil action brought pursuant to 42 U.S.C. § 1983 because he is illiterate and suffers from a learning disability. (*Id.* at 2.)

**BACKGROUND**

As an initial matter, the court finds it pertinent to summarize the efforts that the court has previously taken to provide plaintiff with assistance in this case. First, on June 24, 2019, the court appointed counsel on behalf of plaintiff for the limited purpose of assisting plaintiff in preparing for and participating in a settlement conference that plaintiff had requested in this case. (Doc. No. 51 at 1–2.) Attorney Christian F. Pereira was selected from the court's Pro Bono

1

Attorney Panel and agreed to undertake plaintiff's representation as limited purpose counsel. (*Id.*) On July 8, 2019, plaintiff notified the court that he had not heard from the appointed attorney, and he requested the appointment of a different attorney for purposes of settlement and requested that settlement negotiations occur in a "confidential setting without correctional officers listening." (Doc. No. 55.) On July 11, 2019, the assigned magistrate judge denied plaintiff's request for appointment of new counsel in light of attorney Pereira's limited purpose appointment. (Doc. No. 57 at 1.)

On August 21, 2019, attorney Pereira filed a notice of submission of plaintiff's confidential settlement conference statement. (Doc. No. 67.) On August 27, 2019, a court supervised settlement conference was held before then Chief Magistrate Judge (now District Judge) Jennifer L. Thurston. (Doc. No. 68.) The case did not settle at that time. (*Id.*)

On December 16, 2019, plaintiff filed a second motion for the appointment of counsel (Doc. No. 89), which he supplemented with additional information on February 24, 2020 (Doc. No. 105). On May 28, 2020, the assigned magistrate judge denied plaintiff's motion, finding it to be without merit because the case was not particularly complex, plaintiff had demonstrated his ability to effectively litigate this action, and the court could not make a determination at that time that plaintiff was likely to succeed on the merits of his claim. (Doc. No. 112 at 4–5.) Plaintiff filed objections to the assigned magistrate judge's order. (Doc. No. 115.) On August 20, 2020, this court considered those objections but declined to overturn the magistrate judge's order, finding that it was "not contrary to law or clearly erroneous." (Doc. No. 126.)

Nevertheless, on September 28, 2020, the court issued an order requiring the parties to participate in a second settlement conference and the court again appointed counsel on behalf of plaintiff for the limited purpose of representing plaintiff in connection with that second court–supervised settlement conference. (Doc. No. 130.) This time, attorney Greg Mullanax[1] was selected from the court's Pro Bono Attorney Panel to represent plaintiff. (*Id.*) The court set a

---

[1] Attorney Mullanax is a well-respected member of the bar of this court and a past recipient of the Joe Ramsey Award presented each year at the Eastern District of California's Annual Night to Honor Service to the attorney who during the given year demonstrated their outstanding commitment to public service through their participation on the court's Pro Bono Panel.

2

settlement conference to take place on October 15, 2020 before Magistrate Judge Kendall J. Newman.  (Doc. No. 131.)  This settlement conference was rescheduled and eventually held on January 26, 2021, but plaintiff declined to attend "due to pain."  (Doc. No. 137.)  The assigned magistrate judge then issued an order requiring plaintiff to show cause why he should not be sanctioned for his failure to appear at the scheduled January 26, 2021 settlement conference.  (Doc. No. 141.)  On February 25, 2021, plaintiff filed a reply to the order to show cause, arguing that he was in fact suffering from severe pain on the day of the settlement conference, which prevented him from attending, and that he was also afraid of being subjected to a substantial and imminent threat were he to leave his cell.  (Doc. No. 144.)  On March 3, 2021, the assigned magistrate judge issued an order requesting that the Warden of Kern Valley State Prison ("KVSP") reply to plaintiff's response to the order to show cause in order to clarify the conflicting explanations plaintiff provided for his failure to appear at the second settlement conference.  (Doc. No. 145.)  On March 17, 2021, the Warden of KVSP filed a reply, which contained declarations from prison staff affirming that plaintiff's stated reason for not attending the second settlement conference was solely that he was in pain on the day in question.  (Doc. No. 146.)  On March 25, 2021, the assigned magistrate judge reset the settlement conference and again appointed attorney Greg Mullanax for the limited purpose of representing plaintiff in connection with the settlement conference before Magistrate Judge Newman.  (Doc. No. 147.)  The court also warned plaintiff at that time that if he failed to follow the court order requiring him to participate in a settlement conference, this action would be dismissed.  (*Id.* at 2–3.)  The re-scheduled settlement conference was held on June 29, 2021, and once again no settlement was reached.  (Doc. No. 152.)

On February 28, 2022, plaintiff filed the pending motion to appoint counsel.  (Doc. No. 174.)  While plaintiff's latest motion for the appointment of counsel remained pending, the court proceeded to hold a final pretrial conference in this case on March 15, 2022.  (Doc. No. 178.)  In response to plaintiff's continued requests during the final pretrial conference that counsel be appointed to assist him at trial, the court addressed whether attorney Greg Mullanax would accept an appointment to serve as stand by counsel for plaintiff to consult with and otherwise provide

3

assistance to plaintiff during the trial of this case. (*Id.*) Specifically, the court stated that it was willing to appoint attorney Mullanax as stand by counsel in light of plaintiff's representations that he is illiterate, that he suffers with a speech impediment, and that he still wishes to prosecute this case to its conclusion. Attorney Mullanax agreed to accept appointment as standby counsel to provide plaintiff with assistance and advice throughout the trial of this case. After further discussion, however, plaintiff advised the court that he did not wish to have the assistance of attorney Mullanax at trial. (*Id.*) Specifically, plaintiff asserted that he did not want attorney Mullanax's assistance in any way because plaintiff did not appreciate the way attorney Mullanax approached the prior settlement conferences. Plaintiff stated that he did not trust Mullanax as an attorney and he accused attorney Mullanax of lying to him. However, according to court personnel, at the previous court–supervised settlement conferences in this case, plaintiff refused to communicate with his limited purpose appointed counsel, nor would he communicate with the magistrate judges presiding over those conferences about any possible settlement of the matter, making both settlement conferences completely unproductive and wasteful of both counsels' and the court's time.

As plaintiff described at the Final Pretrial Conference in his own words, he "kicked Mr. Mullanax to the curb" and would not accept his assistance at trial. In response to plaintiff's strong statement in this regard, the court noted both that plaintiff was making his own choices as to how he wished to proceed in this case and that the court had tried, and indeed succeeded, in finding an attorney willing to assist plaintiff at trial but plaintiff had refused that lawyer's assistance, accusing counsel of being a liar with no apparent basis for that accusation.[2] Accordingly, the court advised plaintiff at the Final Pretrial Conference that there was simply nothing more the court could do to secure the assistance of counsel for him given his failure to cooperate with the *pro bono* lawyers the court had secured for him and that all that was left to do was to move this case forward to trial. To this, plaintiff responded to the court as follows: "I

/////

---

[2] It appears that plaintiff may have been unhappy because attorney Mullanax may have disagreed with plaintiff regarding the potential settlement value of his case.

hope you know you [are] going to look like an ass because you got me trying to go in there and represent myself."

With this background in mind, the court turns to address the merits of plaintiff's pending motion.

**LEGAL STANDARD**

**A.     Appointment of Pro Bono Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and of course the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).  *Rand*, 113 F.3d at 1525.  The court may consider many factors in determining if exceptional circumstances warrant the appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *See Davis v. Allison*, No. 1:21-cv-00494-HBK, 2021 WL 2805820, at *1 (E.D. Cal. July 6, 2021) (citing *United States v. McQuade*, 519 F.2d 1180, 1181 (9th Cir. 1978) and *Rand*, 113 F.3d at 1525).

**B.     Appointment of Guardian *Ad Litem***

Under Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  "Although the court has broad discretion and need not appoint a guardian *ad litem* if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  "Ordinarily, 'when a substantial question exists regarding the mental competence of a party proceeding *pro se*, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian *ad litem* can be appointed, if necessary.'" *Harris v.*

5

*Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (quoting *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005)). If an "incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).

## ANALYSIS

### A. Motion to Appoint Counsel

Here, plaintiff has not met his "burden of demonstrating exceptional circumstances" warranting the appointment of counsel on his behalf. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (noting that the burden of demonstrating exceptional circumstances is on the party seeking appointment of counsel); *Jones v. Chen*, No. 1:11-cv-01762-MJS, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).

First, plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, No. 2:07-cv-0800-KJN, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *see also Callender v. Ramm*, No. 2:16-cv-0694-JAM-AC, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel.") (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) and *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984)).

Second, the court does not find that the issues in this case are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). This case concerns claims brought by plaintiff against a single defendant correctional officer based on plaintiff's allegations that defendant Garcia threatened plaintiff's life and told other inmates to attack plaintiff because plaintiff wrote an inmate grievance against the officer. (Doc. No. 112 at 4.) The lack of complexity of plaintiff's claims is illustrated by comparison to another case, *Pouncil v. Martel*, No. 2:09-cv-1169-LKK-CMK, 2013 WL 1322490 (E.D. Cal. April 2, 2013), in which the district court appointed counsel based on the complexity of the legal issues involved. In *Pouncil*, the district court found that the issues presented were complex enough to warrant the appointment of counsel because the case did "not appear to

involve disputed facts" and as such was based solely on legal issues, the proper presentation of which would assist the court in making its determinations. *Id.* at *2. Additionally, the district court in *Pouncil* concluded that "plaintiff's case for appointed counsel is bolstered by the fact that he is not seeking monetary damages." *Id.* Here, in contrast, plaintiff's claims are entirely based on a factual dispute, the legal issues presented by his claim are in no way complex, and plaintiff is solely seeking an award of monetary damages. Although plaintiff is proceeding *pro se*, he faces the same obstacles all *pro se* plaintiffs face. Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claims" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, No. 2:18-cv-2052-KJM-DMC, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020).[3]

  Third, plaintiff has clearly shown that he is capable of adequately litigating this matter, expressing his thoughts regarding the case and communicating his concerns to the court. Notably, plaintiff has filed numerous motions in this action. Plaintiff's filings in this case include a motion to amend (Doc. Nos. 23, 24), an opposition to defendant's motion to dismiss (Doc. No. 42), objections to findings and recommendations (Doc. Nos. 20, 108), and objections to the undersigned's orders (Doc. Nos. 82, 86, 90). Indeed, even his pending motion to appoint counsel is well-written, organized, and cites precedent. (*See* Doc. No. 174.) The assigned magistrate judge determined earlier in this action that "based on the [c]ourt's experience, Plaintiff has litigated this case more heavily than most prisoners litigate their cases." (Doc. No. 112 at 5.) In short, nothing in the procedural history of this case thus far suggests that plaintiff is in fact unable to litigate this action.

  Fourth, and most importantly, the court has now on three occasions attempted to obtain counsel for plaintiff who are willing to assist him. Specifically, the court appointed counsel for the limited purposes of assisting plaintiff with three separate settlement conferences. After those settlement conferences proved unproductive, the court contacted the Pro Bono Attorney Panel

---

[3] Moreover, the court notes that all discovery and law and motion proceedings are now closed in this case pursuant to the court's scheduling order. Thus, plaintiff proceeding *pro se* has already proven himself capable of engaging in discovery and successfully prosecuting and advancing his case to trial.

director and sought an attorney to assist plaintiff at trial. The director of the court's Pro Bono Attorney Panel suggested, in light of the difficulties counsel had experienced in attempting to work with plaintiff, that the court attempt to provide plaintiff with standby counsel to assist and advise him at trial rather than to represent him as counsel of record for all purposes. The undersigned agreed that the appointment of standby counsel would adequately address plaintiff's expressed concerns that his learning disability and asserted illiteracy would pose an impediment to his ability to present his case at trial. By the same token, in the undersigned's view, the appointment of standby counsel would avoid a repetition of the court's previous attempts to provide plaintiff with the assistance of counsel which had proven unsuccessful because plaintiff declined to communicate with those attorneys. However, when the court offered the appointment of attorney Mullanax as standby counsel, plaintiff adamantly refused the court's offer, as explained above. As has been recognized by other district courts, a plaintiff such as Mr. Dillingham in this case cannot claim that he was denied counsel—even if he was entitled to *demand* counsel—because he has turned down the counsel offered by the court and, of course, he "is not entitled to appointment of counsel of his choice." *Ashcroft v. Dept. of Corrs.*, No. 05-cv-488, 2008 WL 4367540, at *5 (W.D.N.Y. Sept. 18, 2018) (citing *Lee v. Crouse*, 284 F. Supp. 541, 544 (D. Kan. 1967), *aff'd*, 396 F.2d 952 (10th Cir. 1968)). This is, in part, because "[t]here is a cost to the Court in expended good will with the bar in using multiple appointments of counsel on a single case, especially appointment for a difficult litigant." *Id.* In the undersigned's view, in this case "the court [has] reached the limits of its authority in attempting to appoint counsel." *Reynolds v. White*, 357 F. App'x 882, 883 (9th Cir. 2009)[4] (citing *Mallard*, 490 U.S. at 296 (holding that 28 U.S.C. § 1915(d) did not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case)); *cf. 30.64 Acres of Land*, 795 F.2d at 804 (holding that the district court "does not discharge [its] duty [under § 1915(e)(1)] if it makes no attempt to request the assistance of volunteer counsel or, where the record is not otherwise clear, explain its failure to do so").

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

For these reasons, the court believes that due to plaintiff's own conduct in this case the court has no viable remaining option but to deny plaintiff's renewed motion (Doc. No. 174) for the appointment of counsel on his behalf.[5]

**B.      Motion to Appoint Guardian *Ad Litem***

In the alternative, plaintiff again requests the appointment of a guardian *ad litem*, his third such request. (Doc. No. 174 at 4.) Plaintiff's first motion for appointment of a guardian *ad litem* was denied by the then-assigned district judge because "[p]laintiff has not submitted substantial evidence of incompetence," and "[a]t most, [p]laintiff's evidence shows that he has a low TABE score, and that he is in the disability placement program." (Doc. Nos. 21 at 3; 89 at 20.) Plaintiff's second motion seeking appointment of a guardian *ad litem* was denied on May 28, 2020 by the assigned magistrate judge, who agreed with the district judge's previous assessment. (Doc. No. 112.) Plaintiff's now pending request for appointment of a guardian *ad litem* on his behalf is largely identical to his previous motions and relies on similar evidence. Specifically, plaintiff has submitted a patient summary that lists him as suffering from a learning disability. (Doc. No. 174 at 9.) But that evidence is plainly insufficient to demonstrate that plaintiff is incompetent. Moreover, the court's interactions with plaintiff have demonstrated both his ability to understand the court's rulings and his ability to communicate his requests to the court, as evidenced by his many filings in this action. Accordingly, although it appears that plaintiff may suffer from a physical disability and a learning disability, he has once again failed to submit substantial evidence of his incompetence.

Moreover, plaintiff's interest in this case appears to be adequately protected. As described above, plaintiff has been heavily litigating this case throughout its pendency and he continues to do so. Further, the court has issued orders to protect plaintiff's interest in this case, including directing defendant to "send Plaintiff the leading cases or statutes setting forth the central law

---

[5] It is also worth noting that plaintiff independently requested assistance from the Civil Rights Clinic at the University of California Davis Law School. (*See* Doc. No. 19 at 18.) That request appears to clearly set out the history of this case and plaintiff's claims against defendant. (*Id.*) Nevertheless, given the clinic's lack of response, it too appears to have declined to represent plaintiff in this action.

relied upon in all motions filed by defendant" (Doc. No. 38 at 3) and limiting written discovery (Doc. No. 75 at 1–2).

Accordingly, plaintiff's renewed motion for a guardian *ad litem* will be denied.

## CONCLUSION

For all of the reasons set forth above,

1. Plaintiff's motion for appointment of counsel (Doc. No. 174) is denied;
2. Plaintiff's motion for appointment of a guardian *ad litem* (Doc. No. 174) is denied;
3. This action remains scheduled for jury trial before the undersigned on May 17, 2022 at 8:30 a.m. on the 7th Floor of the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA 93721.

IT IS SO ORDERED.

Dated: **April 6, 2022**

UNITED STATES DISTRICT JUDGE