UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>F. GARCIA,<br><br>    Defendant. | No. 1:18-cv-00579-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPEAR AT TRIAL VIA ZOOM AND DIRECTING PLAINTIFF TO SHOW CAUSE<br><br>(Doc. No. 196) |

This case is scheduled for jury trial commencing on May 17, 2022. On May 10, 2022, plaintiff—who is proceeding *pro se* in this action—filed a motion for an order authorizing him to appear at trial telephonically or, alternatively, by video or Zoom. (Doc. No. 196.) In his pending motion, plaintiff once again argues that he is cognitively and physically disabled and that he is wheelchair-bound. (*Id.* at 1–2.) He further asserts that he currently resides in an "ADA-compliant transitional housing facility." (*Id.* at 2.) Plaintiff states that in light of his disability, his financial circumstances, and his lack of a personal vehicle, he has no means of transportation available to travel to the Federal Courthouse in Fresno, California in order to attend his May 17, 2022 jury trial. (*Id.*) Based on these representations, plaintiff requests that the court allow him to appear remotely by telephone or by video or Zoom at the aforementioned jury trial. (*Id.*)

/////

1

  Plaintiff's motion to proceed remotely via video at jury trial will be denied. In the context of a jury trial, the matter of whether to permit parties or witnesses to appear remotely by way of Zoom (or otherwise) is left to the court's discretion. *See, e.g.*, *Steele v. Nat'l R.R. Passenger Corp.*, No. 19-cv-553-BHS, 2022 WL 1154351, at *2 (W.D. Wash. Apr. 19, 2022); *Bao Xuyen Le v. Reverend Dr. Martin Luther King, Jr. Cnty.*, 524 F. Supp. 3d 1113, 1115–16 (W.D. Wash. 2021); *Rinaldi v. SCA La Goutte, D'Or*, 16-cv-1901-VSB, 2022 WL 443779, at *2 (S.D.N.Y. Feb. 14, 2022).[1] Specifically, Federal Rules of Civil Procedure 43(a) and 77(b) do authorize courts to "permit testimony in open court by contemporaneous transmission from a different location," for good cause in compelling circumstances. But plaintiff's request is broader than merely wishing to present certain trial testimony remotely. Here, the court does not find good cause or compelling circumstances that would warrant plaintiff's participation in the trial of this case, in which he is proceeding *pro se*, to be entirely carried out remotely via Zoom.

  Although plaintiff's asserted disabilities could be construed as an illness or similar condition, those circumstances cannot be said to be unexpected in this case. Plaintiff has been consistently reiterating his alleged disabilities throughout this litigation, but he has nonetheless indicated that he wishes to proceed to trial. Now, on the eve of that jury trial, the court cannot find plaintiff's request to conduct that trial remotely to be well-taken. While the court remains sympathetic to plaintiff's asserted conditions, plaintiff brought this action on his own behalf and it is his burden to prosecute it. Accordingly, plaintiff's motion will be denied.

  Plaintiff has now informed the court that "telephonic appearance is the only way" that he will be able to be present at the jury trial scheduled in this action and that if he cannot appear remotely, his alleged circumstances will prevent him from appearing in the courtroom of the undersigned on the date set for trial. (Doc. No. 196 at 2.) The court takes plaintiff at his word in

---

[1] As the district court in *Rinaldi* recognized, "'[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.'" *Rinaldi*, 2022 WL 433779, at *2 (citing Federal Rule of Civil Procedure 43(a) Advisory Committee's note to 1996 amendment). "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.*

this regard.  Nonetheless, for the reasons explained above, the court will deny plaintiff's request to appear at the jury trial in this action telephonically or by video or Zoom.  Plaintiff is therefore ordered to notify the court in writing by no later than 5:00 p.m. on Friday May 13, 2022 that he intends to be personally present in the courtroom of the undersigned at 8:30 a.m. on May 17, 2022 to prosecute this action at trial as scheduled.  If plaintiff fails to notify the court of his intention to personally appear at trial, the court will find that he has declined to appear at his scheduled jury trial as indicated in his pending motion and will dismiss this case due to plaintiff's failure to prosecute.[2]

Accordingly,

1. Plaintiff's motion to participate in the May 17, 2022 jury trial in this case solely by telephone or via video or Zoom (Doc. No. 196) is denied;

2. Plaintiff is ordered to notify the court in writing by 5:00 p.m. on Friday, May 13, 2022 that he intends to be personally present in the courtroom of the undersigned to proceed with the jury trial in this case on May 17, 2022;

3. If plaintiff fails to notify the court of his intent to proceed in person, the court will find that plaintiff has declined to personally appear at trial (as indicated in the pending motion is his intention), and the court will dismiss this case due to plaintiff's failure to prosecute; and

4. The Clerk of the Court is ordered to serve this order on plaintiff by way of mail and via e-mail at his e-mail address of record in order to ensure he receives it with time to respond as ordered.

IT IS SO ORDERED.

Dated:   **May 11, 2022**

UNITED STATES DISTRICT JUDGE

---

[2] The court simply cannot justify inconveniencing the 50 perspective jurors who are otherwise being called upon to report to the courthouse for the jury trial on the morning of May 17, 2022, if plaintiff has no intention of personally appearing for trial as ordered.